UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MONICA GULLEDGE
LYLE TAYLOR,

    Plaintiffs,

v.

LIEUTENANT MICHAEL RUSSO
OFFICER DWAYNE WEBB,
CORPORAL TERRY RUTLEDGE, JR., and
VILLAGE OF PUT-IN-BAY,

    Defendants.

Case No.
Hon.

| VEN R. JOHNSON (P39219) | AMANDA A. ANDREWS (0088814) |
|---|---|
| **JOHNSON LAW, PLC** | **LAW OFFICES OF** |
| Co- Counsel for Plaintiffs | **AMANDA A. ANDREWS, PLLC** |
| The Buhl Building | Co-Counsel for Plaintiffs |
| 535 Griswold Street, Suite 2632 | 58 Grande Lake Dr., Suite One |
| Detroit, Michigan 48226 | Port Clinton, OH 43452 |
| (313) 324.8300 | (419) 341.4292 |
| (313) 324.8301-Fax | (800) 715.2850 – Fax |
| vjohnson@venjohnsonlaw.com | amanda@amandaandrewslaw.com |

**COMPLAINT & JURY DEMAND**

There are no other pending civil actions arising
out of the same transactions or occurrences alleged in this Complaint.

    /s/    Ven R. Johnson
VEN R. JOHNSON (P39219)

NOW COME Plaintiffs, MONICA GULLEDGE and LYLE TAYLOR, through their counsel, with the following Complaint against the above-named Defendants:

1.    At all times relevant to this lawsuit, Plaintiff, Ms. Monica Gulledge ("Monica"), resided in Westland, Wayne County, Michigan.

2.    At all times relevant to this lawsuit, Plaintiff, Mr. Lyle Taylor ("Lyle"), resided in

1

Westland, Wayne County, Michigan.

3. At all times relevant to this lawsuit, Defendant, Village of Put-In-Bay ("Put-In-Bay") was and is a Municipal Corporation, duly organized and carrying on governmental functions including the Put-In-Bay Police Department ("PDP"), in Put-In-Bay, Ottawa County, Ohio.

4. At all times relevant to this lawsuit, Defendant, Lieutenant Michael Russo ("Russo"), was employed by Put-In-Bay via PDP and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and/or official capacities.

5. At all times relevant to this lawsuit, defendant, Officer Dwayne Webb ("Webb") was employed by Put-In-Bay via PDP and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and/or official capacities.

6. At all times relevant to this lawsuit, defendant, Corporal Terry Rutledge, Jr. ("Rutledge") was employed by Put-In-Bay via PDP and was acting under color of state law and in the course and scope of his employment and is being sued herein in his individual and/or official capacities.

7. The amount in controversy exceeds $75,000, exclusive of costs, interest and attorney fees; and jurisdiction is otherwise conferred on this Court pursuant to the United State Constitution as well as 42 USC §1983.

## COMMON ALLEGATIONS

8. On or about May 24, 2020, Plaintiffs—Lyle and Monica--and their extended family checked into the Put-In-Bay Resort (the "Resort") in Put-In-Bay, Ohio as registered guests, for their pre-booked stay.

9. On the same day, at approximately 10:30pm, Russo reported to the Resort in response to a sexual assault, having nothing to do with Monica and Lyles families.

10. While Russo began to investigate the sexual assault, he heard noises and went to

investigate what was going on.

11. When Russo approached Monica and Lyle, he never made himself known and suddenly and without warning, assaulted Monica from behind, body slamming her to the ground, furthermore defendants also wrongfully and illegally assaulted, detained, and placed Lyle in handcuffs for no reason other than being there with Monica.

12. As a result of the defendants' unlawful conduct, Monica and Lyle suffered substantial economic and non-economic damages.

## COUNT I: 42 USC § 1983 – EXCESSIVE FORCE- RUSSO, WEBB, & RUTLEDGE

13. Monica and Lyle re-allege and incorporate each allegation contained in paragraphs 1 through 12 above.

14. Pursuant to 42 USC §1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, Russo, Webb, and Rutledge owed Monica and Lyle the duty to act in a lawful and reasonable manner and to avoid the use of excessive and/or unnecessary or unreasonable force.

15. Any reasonable police officer in Russo's, Webb's and/or Rutledge's position at the time of this incident would have known that the use of the above outlined force was illegal, unnecessary, and excessive.

16. Russo, Webb and/or Rutledge grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful and wanton manner toward Plaintiffs, committed an assault and/or battery on the plaintiffs. Further, the actions and/or conduct described in this suit were maliciously executed to impose excessive force and thus, the duties owed to the plaintiffs were breached in multiple ways including but not limited to the following:

    a. Inappropriate, excessive, and inexcusable use of force, via his hands,

3

      knees, body and/or use of hand cuffs;

    b. Deployed the use of his hands and/or body to forcefully grab Monica, who had done nothing illegal and was not being charged with a crime, posed no immediate danger to the officer or to the general public and was otherwise fully complying with the officer's orders, and slammed Monica to the ground;

    c. Continued to use inappropriate and unnecessary force against Plaintiffs; and

    d. All other breaches as learned through the course of discovery.

17. The above actions were perpetrated against Monica and Lyle against their will and without his consent.

18. As a direct and proximate result of the breaches committed by Russo, Webb and/or Rutledge on Monica, Monica sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Fright and shock;
    d. Denial of social pleasure and enjoyments;
    e. Embarrassment, humiliation, or mortification;
    f. Medical treatment expenses;
    g. Lost wages and/or loss of earning capacity; and
    h. All other damages learned through the course of discovery

19. As a direct and proximate result of the above assault and battery committed by Russo, Webb and/or Rutledge on Lyle, Lyle sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Fright and shock;
    d. Denial of social pleasure and enjoyments;
    e. Embarrassment, humiliation, or mortification;
    f. Medical treatment expenses;
    g. Lost wages and/or loss of earning capacity; and
    h. All other damages learned through the course of discovery

4847-7252-7041, v. 2

**WHEREFORE**, Monica and Lyle respectfully request that this Honorable Court enter a judgment against Russo, Webb and Rutledge in an amount in excess of $75,000, exclusive of costs, interest, and attorney fees.

### COUNT II: 42 USC § 1983 – FALSE IMPRISONMENT/ FALSE ARREST- RUSSO, WEBB, & RUTLEDGE

20. Monica and Lyle re-allege and incorporate each allegation contained in paragraphs 1 through 19 above.

21. Pursuant to 42 U.S.C. § 1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, individuals are protected from detention without legal process.

22. Monica and Lyle were falsely arrested and imprisoned by Russo, Webb and/or Rutledge.

23. Monica and Lyle were arrested and imprisoned against their will.

24. Russo, Webb, and/or Rutledge breached their duty to Monica and Lyle by knowingly, deliberately, and with a reckless disregard for the truth arresting Plaintiffs without probable cause.

25. The protection from detention without legal process is a clearly established constitutional right of which a reasonable person and/or officer would have known.

26. Russo's Webb's, and/or Rutledge's actions were objectively unreasonable considering this clearly established constitutional right.

27. As a direct and proximate result of the breach committed by Russo, Webb and/or Rutledge, Monica sustained serious injuries and will continue to suffer damages into the future, including but not limited to:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Fright and shock;
    d. Denial of social pleasure and enjoyments;
    e. Embarrassment, humiliation, or mortification;

4847-7252-7041, v. 2

  f. Medical treatment expenses;
  g. Lost wages and/or loss of earning capacity; and
  h. All other damages learned through the course of discovery

28. As a direct and proximate result of the above assault and battery committed by Russo, Webb and/or Rutledge on Lyle, Lyle sustained serious and permanent injuries, has and will continue to suffer damages into the future, including but not limited to:

  a. Physical pain and suffering;
  b. Mental anguish;
  c. Fright and shock;
  d. Denial of social pleasure and enjoyments;
  e. Embarrassment, humiliation, or mortification;
  f. Medical treatment expenses;
  g. Lost wages and/or loss of earning capacity; and
  h. All other damages learned through the course of discovery

**WHEREFORE**, Monica and Lyle respectfully request that this Honorable Court enter a judgment against Russo, Webb and Rutledge in an amount in excess of $75,000, exclusive of costs, interest, and attorney fees.

### COUNT III: VIOLATION OF STATE LAW CLAIMS- WILLFUL AND WANTON CONDUCT BY DEFENDANTS RUSSO, WEBB & RUTLEDGE

29. Plaintiffs re-allege and incorporate each allegation contained in paragraphs 1 through 28 above.

30. This Honorable Court has supplemental jurisdiction to herein adjudicate appropriate state law claims.

31. That defendant Police Officers Russo and/or Rutledge owed Plaintiffs a duty to act reasonably and prudently and to avoid the use of unnecessary, unreasonable, illegal and excessive/deadly force.

32. That defendant Police Officers Russo, Webb and/or Rutledge breached the above-stated duties and acted with willful and wanton reckless conduct and/or so recklessly as to demonstrate a substantial lack of concern as to either injury or death would result. Defendants' acts

included, but were not limited to, the following:

    a. Inappropriate, excessive, and inexcusable use of force, via his hands, knees, body and/or use of hand cuffs;

    b. Deployed the use of his hands and/or body to forcefully grab Monica, who had done nothing illegal and was not being charged with a crime, posed no immediate danger to the officer or to the general public and was otherwise fully complying with the officer's orders, and slammed Monica to the ground;

    c. Continued to use inappropriate and unnecessary force against Plaintiffs; and

    d. All other breaches as learned through the course of discovery.

33. As a direct and proximate result of the above-stated misconduct committed by Russo, Webb and/or Rutledge, Monica sustained serious and will continue to suffer damages into the future, including but not limited to:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Fright and shock;
    d. Denial of social pleasure and enjoyments;
    e. Embarrassment, humiliation, or mortification;
    f. Medical treatment expenses;
    g. Lost wages and/or loss of earning capacity; and
    h. All other damages learned through the course of discovery.

34. As a direct and proximate result of the above-stated misconduct committed by Russo, Webb and/or Rutledge, Lyle sustained serious injuries and will continue to suffer damages into the future, including but not limited to:

    a. Physical pain and suffering;
    b. Mental anguish;
    c. Fright and shock;
    d. Denial of social pleasure and enjoyments;
    e. Embarrassment, humiliation, or mortification;
    f. Medical treatment expenses;
    g. Lost wages and/or loss of earning capacity; and
    h. All other damages learned through the course of discovery.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against Russo, Webb and Rutledge in an amount in excess of $75,000, exclusive of costs, interest, and attorney fees.

**COUNT IV: VIOLATION OF STATE LAW CLAIMS- GROSS NEGLIGENCE AND/OR WILLFUL AND WANTON CONDUCT AND/OR ASSAULT AND BATTERY AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY RUSSO, WEBB & RUTLEDGE**

35. Plaintiffs re-allege and incorporate each allegation contained in paragraphs 1 through 34 above.

36. The above-stated misconduct committed by the defendant Police Officers Russo, Webb and/or Rutledge state a cause of action under the laws of the State of Ohio and their actions constitute negligence and/or willful and wanton misconduct and/or assault and battery and/or intentional infliction of emotional distress.

37. As a direct and proximate result of the misconduct committed by Officers Russo, Webb and/or Rutledge, Monica sustained serious injuries and will continue to suffer damages into the future, including but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation, or mortification;
   f. Medical treatment expenses;
   g. Lost wages and/or loss of earning capacity; and
   h. All other damages learned through the course of discovery

38. As a direct and proximate result of the misconduct committed by Russo, Webb and/or Rutledge, Lyle sustained serious injuries and will continue to suffer damages into the future, including but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;

8

      e. Embarrassment, humiliation, or mortification;
      f. Medical treatment expenses;
      g. Lost wages and/or loss of earning capacity; and
      h. All other damages learned through the course of discovery

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter a judgment against Russo, Webb and Rutledge in an amount in excess of $75,000, exclusive of costs, interest, and attorney fees.

### COUNT V: 42 USC § 1983—MUNICIPAL LIABILITY— THE VILLAGE OF PUT-IN-BAY

39. Monica and Lyle re-allege and incorporate each allegation contained in paragraphs 1 through 38 above.

40. At all times relevant to this lawsuit, each Plaintiff had a right under the due process clause of the state and federal constitutions not to be deprived of their life, liberty and/or property.

41. The misconduct of Russo, Webb and/or Rutledge, as stated throughout this Complaint, violated each Plaintiff's fundamental constitutional rights under the 4th, 8th, and 14th Amendments.

42. At all times relevant to this lawsuit, Put-In-Bay did have a custom or practice of misconduct that gave rise to routinely making false arrests and uses of excessive force against the public.

43. At all times relevant to this lawsuit, Put-In-Bay did have a custom or practice within its police department of failing to adequately train and/or supervise its officers.

44. Put-In-Bay, by facilitating a custom and/or practice of misconduct as well as failing to adequately train and/or supervise acted as the "moving force" behind the deprivation of each Plaintiff's constitutional rights.

45. There is a direct causal link between the custom and/or practices and the damages that each Plaintiff has suffered.

46. As a direct and proximate result of Put-In-Bay's customs and/or practices and Russo's, Webb's and/or Rutledge's misconduct specifically, Monica sustained serious injuries and will continue to suffer damages into the future, including but not limited to:

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation, or mortification;
   f. Medical treatment expenses;
   g. Lost wages and/or loss of earning capacity; and
   h. All other damages learned through the course of discovery.

47. As a direct and proximate result of Put-In-Bay's customs and/or practices and Russo's, Webb's and/or Rutledge's misconduct specifically, Lyle sustained serious injuries and will continue to suffer damages into the future, including but not limited to :

   a. Physical pain and suffering;
   b. Mental anguish;
   c. Fright and shock;
   d. Denial of social pleasure and enjoyments;
   e. Embarrassment, humiliation, or mortification;
   f. Medical treatment expenses;
   g. Lost wages and/or loss of earning capacity; and
   h. All other damages learned through the course of discovery

**WHEREFORE**, Monica and Lyle respectfully request that this Honorable Court enter a judgment against Russo, Webb and Rutledge in an amount in excess of $75,000, exclusive of costs, interest, and attorney fees.

Respectfully submitted,

**JOHNSON LAW, PLC**

BY: /s/         *Ven R. Johnson*
     VEN R. JOHNSON (P39219)
     Attorney for Plaintiffs
     535 Griswold Street, Ste., 2632
     Detroit, Michigan 48226
     (313) 324.8300

Dated: October 30, 2020

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MONICA GULLEDGE
LYLE TAYLOR,

    Plaintiffs,

v.

LIEUTENANT MICHAEL RUSSO
OFFICER DWAYNE WEBB,
CORPORAL TERRY RUTLEDGE, JR., and
VILLAGE OF PUT-IN-BAY,

    Defendants.

Case No.
Hon.

| VEN R. JOHNSON (P39219) | AMANDA A. ANDREWS (0088814) |
|---|---|
| **JOHNSON LAW, PLC** | **LAW OFFICES OF AMANDA A. ANDREWS, PLLC** |
| Co- Counsel for Plaintiffs | Co-Counsel for Plaintiffs |
| The Buhl Building | 58 Grande Lake Dr., Suite One |
| 535 Griswold Street, Suite 2632 | Port Clinton, OH 43452 |
| Detroit, Michigan 48226 | (419) 341.4292 |
| (313) 324.8300 | (800) 715.2850 – Fax |
| (313) 324.8301-Fax | amanda@amandaandrewslaw.com |
| vjohnson@venjohnsonlaw.com | |

## JURY DEMAND

NOW COME Plaintiffs, Monica Gulledge and Lyle Taylor, by and through their attorneys, JOHNSON LAW, PLC, and hereby demand a trial by jury in the within cause of action.

    Respectfully submitted,

    **JOHNSON LAW, PLC**

By:   /s/    *Ven R. Johnson*
    VEN R. JOHNSON (P39219)
    Attorney for Plaintiffs
    535 Griswold Street, Ste., 2632
    Detroit, Michigan 48226

Dated: October 30, 2020     (313) 324.8300

11