UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Monica Gulledge, *et al.*,  Case No. 3:20-cv-2482

        Plaintiffs,

v.  MEMORANDUM OPINION
AND ORDER

Lieutenant Michael Russo, *et al.*,

        Defendants.

## I.    Introduction

On February 22, 2022, Plaintiffs Monica Gulledge and Lyle Taylor filed an application for entry of default judgment against Defendant Corporal Terry Rutledge, Jr. (Doc. No. 26). Plaintiffs also filed a motion for default judgment. (Doc. No. 27). Attorney Dale Cook filed an opposition brief on behalf of Rutledge, stating "[t]his memorandum is a special appearance to contest a request for entry of default and is not intended to be, and should not be construed as, a consent to service." (Doc. No. 28 at 1). Plaintiffs did not file a reply and the time to do so has since elapsed.

## II.    Background

On April 27, 2021, Process Server Benjamin Purser attempted to complete service on Defendant Rutledge at an address believed to his residence: 322 Denison Avenue, Akron, Ohio 44312. (Doc. No. 26 at 1). While Purser was in the driveway, a woman came out of the home and identified herself as the property owner. (Doc. No. 19 at 2). She stated Rutledge was her tenant and

that she was "just there looking after the house." (*Id.*). She also advised Rutledge would be out of town until the evening of May 1, 2021, and suggested Purser try again after May 2, 2021. (*Id.*).

When Purser returned on May 3, 2021, the woman was there again. (*Id.*). She would not give her name and tried not to accept the documents from Purser. (*Id.*). But Purser left the Summons and Complaint with her anyway and considered service complete.

### III. ANALYSIS

Pursuant to Rule 4, the plaintiff is responsible for serving each defendant with a Summons and Copy of the Complaint within 90 days after the Complaint is filed. Fed. R. Civ. P. 4(c) & 4(m). Rutledge, in his "special appearance," argues default should not be entered against him because the Plaintiffs have failed to properly serve him. (Doc. No. 28). Plaintiffs contend Rutledge has been properly served. (Doc. No. 27 at 3).

Rule 4(e)(2)(B) provides that an individual may be properly served by "leaving a copy of the [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion *who resides there.*" Fed. R. Civ. P. 4(e)(2)(B) (emphasis added); see also *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957) (service on landlord deemed sufficient when an affidavit showed the landlord lived at the same address as the defendant).

Even if a copy of the Summons and Complaint was left at Rutledge's residence with his "Jane Doe" landlord, Plaintiffs submit no evidence the alleged landlord resided at that address. Plaintiffs also fail to cite any authority suggesting an exception exists under federal or Ohio law permitting service on a non-resident landlord. Therefore, without more, Plaintiffs cannot show Rutledge was properly served on May 3, 2021, when the Summons and Complaint were left with his alleged landlord.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' application for an entry of default and motion for default judgment are denied. (Doc. Nos. 26 & 27).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge